1  WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jan C. Rust, | No. CV 09-48-TUC-HCE |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Tucson; et. al., | |
| Defendants. | |

On March 5, 2009, the Court, pursuant to 28 U.S.C. § 1915: (1) granted Plaintiff's Motion to Proceed *In Forma Pauperis;* and (2) dismissed the complaint with leave to amend. (Doc. No. 5). Now pending before the Court are Plaintiff's: (1) "Request to File Amended Complaint Two Days Late" (Doc. No. 7); and (2) Amended Complaint (Doc. No. 8).

Plaintiff has consented to the exercise of jurisdiction by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. No. 6).

I.    Extension of Time

Plaintiff's two-day delay in filing her Amended Complaint was caused, in part, by computer problems due to a computer virus. Under the instant circumstances, Plaintiff's request for extension is granted. *See* Fed.R.Civ.P. 6(b)(1)(B).

II.    Screening the Amended Complaint

When dismissing Plaintiff's complaint, the Court advised that: "Once Plaintiff files her amended complaint, the Court will screen the amended complaint in light of 28 U.S.C. §1915(e)(2)(B)."  (Doc. No. 5, p. 14). Pursuant to the *in forma pauperis* statute, the court must dismiss any complaint filed *in forma pauperis* if the court determines that the complaint is frivolous or malicious; fails to state a claim upon which relief can be granted; or seeks monetary relief from an individual who is immune from such relief.  28 U.S.C.

§1915(e)(2)(B)(I)-(iii); *see also Franklin v. Murphy,* 745 F.2d 1221, 1226-1227 (9th Cir. 1984).

A. Standard

A complaint is to contain:

(1) a short and plain statement of the grounds for the court's jurisdiction...;
(2) a short and plain statement of the claim showing the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Moreover, it is a well-settled tenet that a complaint must "'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

When deciding whether the plaintiff has stated a claim, the court must construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations as true; and determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *See Cervantes v. United States,* 330 F.3d 1186, 1187 (9th Cir. 2003); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir. 1981). *See also SmileCare Dental Group v. Delta Dental Plan of Cal. Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (a claim may be dismissed because it lacks "a cognizable legal theory" or because it fails to allege sufficient facts to support a claim). To survive dismissal for failure to state a claim under section 1915(e)(2)(B)(ii), the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Ashcroft,* __ U.S. __, 129 S.Ct. at 1949 ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (*quoting Twombly,* 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft,* __ U.S. __, 129 S.Ct. at 1949. *See also Twombly,* 550 U.S. 544, at 555 ("'[T]he pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'") (*quoting* 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1216, pp. 235-236 (3rd ed. 2004); *Williams v. Gerber Products Co.,* 552 F.3d 934, 938 (9th Cir. 2008)(the factual allegation pled "'must be enough to raise a right to relief above the speculative level." ) (*quoting Twombly,* 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully....Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement of to relief.'" *Ashcroft,* __ U.S. __, 129 S.Ct. at 1949 (*quoting Twombly,* 550 U.S. at 556-557). Thus, although a plaintiff's specific allegations may be consistent with the claim for relief, a court must assess whether there are other "more likely explanations..." for a defendant's conduct. *Id.* at __, 129 S.Ct. at 1951."Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its own judicial experience and common sense." *Ashcroft,* __ U.S. __, 129 S.Ct. at 1950.

The court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Ashcroft*, __ U.S. __, 129 S.Ct. at 1949-1950 (*quoting Twombly,* 550 U.S. at 556); *see also Western Mining Council,* 643 F.2d at 624 (although the complaint is generally construed favorably to the pleader, the court does not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft,* __ U.S. __, 129 S.Ct. at 1949 (*quoting Twombly,* 550 U.S. at 557)). Furthermore, the complaint must contain a statement of the claim showing that the plaintiff is entitled to relief "rather than a blanket assertion[] of entitlement to relief." *Twombly,* 550 U.S. at 556 n.3.

Additionally, a complaint will be dismissed under section 1915(e)(2)(B)(i) as frivolous where there is no arguable basis for relief either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989), *superseded on other grounds by* 28 U.S.C. §1915. *See also*

*Denton v. Hernandez,* 504 U.S. 25 (1992).  Factual frivolousness includes allegations that are clearly baseless, fanciful, fantastic, or delusional.  *Denton,* 504 U.S. at 32-33 (*citing Neitzke,* 490 U.S. at 325, 327, 328).  Furthermore, complaints "'that merely repeat[] pending or previously litigated claims'" may be dismissed as frivolous.  *Cato v. U.S.,* 70 F.3d 1103, 1105 n.2 (*quoting Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988)). Legal frivolousness justifies dismissal under section 1915 where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...."  *Neitzke*, 490 U.S.  at 327 (internal citation omitted).

A complaint is deemed to be malicious if it suggests an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases.  *Crisafi v. Holland,* 655 F.2d 1305, 1309 (D.C. Cir. 1981); *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981); *see also Spencer v. Rhodes,* 656 F.Supp. 458, 463 (E.D.N.C. 1987), *aff'd,* 826 F.2d 1059 (4th Cir. 1987); *Sitanggang v. Indymac Bank,* 2009 WL 1286484, *6 (E.D. Cal. May 6, 2009). When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to the plaintiff's prior litigious conduct. *Cochran v. Morris,* 73 F.3d 1310, 1316 (4th Cir. 1996).  However, "a complaint filed *in forma pauperis* is not subject to dismissal simply because the plaintiff is litigious.  The number of complaints a poor person files does not alone justify peremptory dismissal.  In each instance, the substance of the impoverished person's claim is the appropriate measure." *Crisafi ,* 655 F.2d at 1310.

When the plaintiff is *pro se,* the complaint must be liberally construed in the interests of justice. *See Haines v. Kerner,* 404 U.S. 519, 520 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers..."); *Johnson v. Reagan,* 524 F.2d 1123 (9th Cir. 1975) ("Pleadings should be liberally construed in the interests of justice, particularly when a pleader is not learned in the law.").  However, *"[p]ro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565,

1  567 (9th Cir. 1987); *see also Ghazali v. Moran,* 46 F.3d 52 (9th Cir. 1995) ("*pro se* litigants are bound by the rules of procedure.").

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

The Court has previously advised Plaintiff that an amended pleading supersedes the original and, thus, all causes of action alleged in the original complaint which are not alleged in any amended complaint are waived. (*See* Doc. No.5, p. 14 (*citing Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990); *King*, 814 F.2d 565).

### B. Plaintiffs' Allegations

#### 1. Introduction

Plaintiff has filed her Amended Complaint pursuant to 42 U.S.C. §§ 1983, 1984, and 1986. (Doc. No. 8, p. 3). She names the following Defendants: (1) City of Tucson and (2) Southwestern Intervention Services "As Agent for City of Tucson." (*Id.* at p.1).

Plaintiff alleges that on January 18, 2009, she was arrested "for violating Arizona Revised Statute 13-3601, Domestic Violence and 13-2810 Interfering with a Judicial Order without warrant, summons and/or probable cause." (Doc. No. 8, p.1) Plaintiff alleges that on December 29, 2008 Tucson Police Department Detectives Cheek and Dowling, without an arrest warrant or summons, attempted to arrest her for "the same charge" at her residence. (*Id*. at pp. 1-2). Plaintiff alleges that no facts supported the charges against her and, instead, officers relied upon "false statements made by...Michael Chamberlin." (Id. at p.2) Plaintiff further alleges that the charges were ultimately dismissed for lack of evidence and lack of probable cause. (*Id.*).

Plaintiff also states that she

believes based on evidence she has obtained through subpoena and other legitimate disclosure that T[ucson] P[olice] D[epartment] conspired to falsely arrest her because of a conflict she had with her neighbor Tucson Police Department Lt. Edward Schlitz that resulted in her arrest and charge of a felony that was reduced to a misdemeanor on December 29, 2008. Lt. Schlitz had an Order for Injunction Against Harassment issued against Plaintiff and had her arrested for violating it by making false complaints to the police.

(*Id.*)

Plaintiff alleges that Lt. Schlitz was "directly involved in the matter..." that resulted in Plaintiff's arrest although "physical evidence discovered by the reporting officer indicated that Mr. Chamberlin had lied to the Police regarding the Plaintiff." (*Id.*). According to Plaintiff, Tucson Police Department did not obtain copies of court orders or other evidence before making the arrest. (*Id.* at p.3).

Plaintiff alleges that she had obtained "an injunction against harassment [sic] Mr. Chamberlin for an assault he plead guilty to committing and was on supervised probation." (*Id.*). Plaintiff further alleges that she informed Defendant Southwestern Intervention Services and the Tucson Police Department "regarding Mr. Chamberlin's harassment of her to no avail." (*Id.*) Plaintiff

believes that evidence will show Tucson Police and Southwestern Western [sic] Intervention Services conspired to intentionally violate Plaintiff's civil rights, that under the same circumstances the police gave preferential treatment to a police offic [sic] and then retaliated against the Plaintiff by falsely arresting her in order to deter the court from reducing her felony charge.

(*Id.*). Plaintiff also "believes that if not for the fact that she was female she would have been treated differently." (*Id.*).

### 2. 42 U.S.C. § 1984

The *United States Code* reflects that no such statute exists at this time. *See* 42 U.S.C. § 1984 (reflecting statute has been "omitted"). Thus, Plaintiff is unable to state a claim pursuant to 28 U.S.C. § 1984.

### 3. 42 U.S.C. § 1986

In the March 5, 2009 Order, the Court explained to Plaintiff that a claim can be stated under section 1986 only if the complaint contains a valid claim under 42 U.S.C. § 1985. (Doc. No. 5, p. 9 (*citing McCalden v. California Library* Assoc., 955 F.2d 1214, 1223 (9th

Cir. 1992); *Sanchez v. City of Santa Ana,* 936 F.2d 1027, 1040 (9th Cir. 1990)). In her Amended Complaint, Plaintiff asserts that her causes of action are filed pursuant to 42 U.S.C. §§ 1983, 1984, and1986. (Doc. No. 8, p.3) She has not alleged a claim pursuant to 42 U.S.C. § 1985. Because Plaintiff has not filed a claim pursuant to section 1985, she is precluded from seeking relief under section 1986. *McCalden,* 955 F.2d at 1223. Thus, Plaintiff's section 1986 claim must be dismissed. *Id.*

### 4. 42 U.S.C. § 1983

Under section 1983 "[e]very person who, under color of...[state] statute, ordinance, regulation, custom, or usage...[deprives] any citizen of the United States...of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured...." 42 U.S.C. § 1983. To state a claim under section 1983, the plaintiff must allege: (1) the violation of a right secured by the Constitution and the laws of the United States; and (2) the alleged deprivation was committed by a person acting under color of state law. *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1990). The plaintiff must show an affirmative link between an injury (the claimed deprivation) and the conduct of the defendant. *Rizzo v. Goode,* 423 U.S. 362, 371-372 (1976).

Plaintiff alleges that Defendants City of Tucson and Southwestern Intervention Services "conspired to and did in fact violate [her] constitutionally guaranteed rights...." (Doc. No. 8, p.3) Plaintiff does not identify the specific rights allegedly violated. Even if the Court were to liberally construe Plaintiff's allegations to allege arrest without probable cause in violation of the Fourth Amendment[1] and a conspiracy regarding same, for the reasons set forth below, Plaintiff fails to state a claim.

---

[1]*See e.g., Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986) (recognizing cause of action for a section 1983 claim based on a violation of the Fourth Amendment).

- 7 -

A plaintiff may state a civil cause of action under section 1983 for conspiracy to deprive him or her of civil rights without due process of law.[2] *Cohen v. Norris,* 300 F.2d 24 (9th Cir. 1962). *See also Rundle v. Madigan,* 356 F.Supp. 1048 (N.D. Cal., 1982). However, the mere allegation of conspiracy without factual specificity is insufficient to state a claim. *Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 626 (9th Cir. 1988). The plaintiff must allege sufficient facts to show an agreement or meeting of the minds to violate the plaintiff's civil rights. *Woodrum v. Woodward County, Okl.,* 866 F.2d 1121, 1126 (9th Cir. 1989); (*see also* Doc. No. 5, p. 10 (informing Plaintiff of such standard)).

Plaintiff's alleges a conspiracy involving Defendant Southwestern Intervention Services and "Tucson Police...to intentionally violate Plaintiff's civil rights, that under the same circumstances the police gave preferential treatment to a police offic [sic] and then retaliated against the Plaintiff by falsely arresting her in order to deter the court from reducing her felony charge." (Doc. No. 8, p.3). A liberal reading of Plaintiff's Amended Complaint leads to the conclusion that Plaintiff's reference to "under the same circumstances" means her allegations that she was arrested on January 18, 2009 based upon alleged false statements made by Mr. Chamberlin and without probable cause. Plaintiff's also alleges that she complained about Mr. Chamberlin to Defendant Southwestern Intervention Services and to the Tucson Police Department to no avail.

Although "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era,...it does not unlock the doors of discovery for a plaintiff

---

[2]To violate a plaintiff's right to due process, the plaintiff must allege that the defendant denied the plaintiff a specific right protected by the federal constitution , without procedures ensuring fairness (procedural due process), or deliberately abused its power without any reasonable justification in aid of any government interest or objection and only to oppress in a way that shocks the conscience. (substantive due process). *Sandin v. Connor,* 515 U.S. 472, 483-484 (1995); *Daniels v. Williams,* 474 U.S. 327 (1986). Substantive due process rights are those not otherwise constitutionally protected but which are deeply rooted in this country's history and tradition and "implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed...." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (internal quotation marks and citation omitted). (*See also* Doc.No. 5, pp.11-13 (advising Plaintiff of such standard)).

armed with nothing more than conclusions." *Ashcroft,* __U.S. __, 129 S.Ct. at 1950. Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Even assuming the truth of Plaintiff's allegations that she complained about Mr. Chamberlin to Defendant Southwestern Intervention Services and to the Tucson Police Department to no avail, the facts alleged herein do not lead to the inference that there was a meeting of the minds between Defendant Southwestern Intervention Services and the Tucson Police Department to violate Plaintiff's civil rights. *See Id.* at __, 129 S.Ct. at 1949 (A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable."). Nor does Plaintiff allege sufficient facts that would, if true, establish a meeting of the minds between Defendant Southwestern Intervention Services and police officers to give preferential treatment to a police officer and/or to allegedly retaliate against Plaintiff by allegedly "falsely arresting..." Plaintiff without probable cause based in part on alleged lies supplied by Mr. Chamberlin. (*Id.*). *See Woodrum,* 866 F.2d at 1126 (dismissing conspiracy claim where plaintiffs' allegations showed that one defendant "deceived the social workers by filing false reports against the [plaintiffs], but that the [plaintiffs] could allege no specific facts to show any agreement between [that defendant] and any of the [other] named defendants."). Under such circumstances, Plaintiff's claim against Defendant Southwestern Intervention Services fails.

        Plaintiff's claims against Defendant City of Tucson also fail. As explained to Plaintiff in the Court's previous Order, a municipality may not be held liable under section 1983 unless its policy or custom caused the constitutional injury. *(*Doc. No. 5 at p. 12 (*citing Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 166 (1993); *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978)). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2005); *see also Monell,* 436 U.S. at 692 (section 1983 does not impose liability vicariously on governing bodies solely on the basis of an employer-employee relationship with a tortfeasor). Rather,

the municipality is liable only when the execution of its policy or custom inflicts the constitutional injury. *Id.; Miranda v. City of Cornelius,* 429 F.3d 858, 868 (9th Cir. 2005). A section 1983 claim against a municipal defendant "cannot succeed as a matter of law..." unless the plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley,* 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of municipal defendant for failure to state a claim). A policy is a deliberate choice to follow a course of action made from among various alternatives by an official or officials responsible for establishing final policy with respect to the subject matter in question. *Long,* 442 F.3d at 1185. Thus, a suit is allowed under section 1983 against local governments where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell,* 436 U.S. at 690-691. Additionally, a policy can be one of inaction as well. *See Berry v. Baca,* 379 F.3d 764, 767 (9th Cir. 2004). A policy of inaction must be more than mere negligence; it must be a conscious or deliberate choice among various alternatives. *Id.* Moreover, "in addition to official policy, a municipality may be sued for 'constitutional deprivations visited pursuant to governmental 'custom' even though such custom has not received formal approval through the [governmental] body's official decisionmaking channels.'" *Navarro v. Block,* 72 F.3d 712, 714 (9th Cir. 1995) (*quoting Monell,* 436 U.S. at 690-691 and *citing Pembaur v. City of Cincinnati,* 475 U.S. 469, 481-482 (1986)). Allowing "custom as a basis for section 1983 liability ensures that municipalities are held responsible for widespread abuses or practices that cannot be affirmatively attributed to the decisions or ratification of an official policy-maker 'but are so pervasive as to have the force of law.'" *Id.* at 715 n.3 (*quoting Thompson v. City of Los Angeles,* 885 F.2d 1439, 1444 (9th Cir. 1989)). However, "[p]roof of random acts or isolated events is insufficient to establish custom. *Id.* at 714 (*citing Thompson* 885 F.2d at 1444 (9th Cir. 1989)). Instead, a plaintiff may prove "'the existence of a custom or informal policy with evidence of repeated constitutional violations for which the errant municipal officials

1 were not discharged or reprimanded.'" *Id.* (*quoting Gillette v. Delmore,* 979 F.2d 1342, 1348 (9th Cir. 1992)).

Herein, Plaintiff alleges seemingly unrelated events particularized to her and has not alleged that Defendant City of Tucson's alleged action and/or inaction of which she complains was the result of any policy or custom. Consequently, Plaintiff has failed to state a claim against Defendant City of Tucson.

C.  Dismissal[3]

The public record for the District Court for the District of Arizona reflects that Plaintiff, although appearing *pro se*, is not an inexperienced litigant.[4] The Court has previously granted Plaintiff the opportunity to file an amended complaint to state a claim

---

[3]"A Magistrate Judge may not deny an application to proceed *in forma pauperis* or issue an Order dismissing a case [under the *in forma pauperis statute*] without the consent of plaintiff." *Recht v. Templin,* 2007 WL 2572210, n.1 (N.D. Cal. Sept. 5, 2007) (*citing Tripati v. Rison,* 847 F.2d 548 (9th Cir. 1988)); *see also* LR Civ. 72.2(a)(4), Rules of Practice of the U.S. District Court for the District of Arizona ("Subject to the Constitution and laws of the United States, Magistrate Judges in the District of Arizona shall...[m]ake determinations and enter appropriate orders pursuant to 28 U.S.C. § 1915 with respect to any suit, action, or proceedings in which a request is made to proceed *in forma pauperis* consistent with federal law except that a Magistrate Judge may not deny a request for *in forma pauperis* status unless the person requesting such status has expressly consented in writing to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c)."). Consent from defendants who have not been served is unnecessary in this case because unserved defendants are not deemed to be "parties" under 28 U.S.C. § 636(c). *Neals v. Norwood,* 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss action as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also Walters v. Astrue,* 2008 WL 618933 * 2 n.6 (N.D. Cal. Mar. 4, 2008) (granting motion to proceed *in forma pauperis* and dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2) where plaintiff consented to magistrate judge, and noting that consent of unserved defendants was not required under such circumstances); *Trujillo v. Tally,* 2007 WL 4261928 (D. Idaho Nov. 30, 2007) ("The Court does not need to obtain consent from defendants who have not been served because they are not 'parties' within the meaning of 28 U.S.C. § 636(c)."); 12 Wright & A. Miller, *Federal Practice and Procedure* § 3071.2 (2d. ed.).

[4]*See* CV 01-431-TUC-ACM; 01-432-TUC-CKJ; CV 01-433-TUC-ACM; CV 02-440-TUC-JMR; CV 02-441-TUC-CKJ; CV 03-573-TUC-WDB; CV 03-584-TUC-CKJ; CV 04-136-TUC-CKJ; CV 04-652-TUC-DCB; CV 04-653-TUC-DCB; CV 07-022-TUC-DCB.

- 11 -

1 | upon which relief may be granted. For the reasons set forth above and having afforded
2 | Plaintiff the benefit of a liberal construction entitled to *pro se* litigants, Plaintiff's Amended
3 | Complaint fails to state a claim upon which relief may be granted against the named
4 | Defendants. Moreover, on the instant record, further attempts at amendment to state a claim
5 | against Defendants herein would be futile. *See Lopez,* 203 F.3d at 1127; *Noll v. Carlson*, 809
6 | F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir.
7 | 1980)).

Accordingly,

IT IS ORDERED that Plaintiff's "Request to File Amended Complaint Two Days Late" (Doc. No. 7) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint (Doc. No. 8) and this action are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is DIRECTED to enter judgment accordingly and to close the file in this matter.

DATED this 2nd day of July, 2009.

_____
Héctor C. Estrada
United States Magistrate Judge